NO. 07-06-0392-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 27, 2007



______________________________




ERIC ROSS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;



NO. 241-1046-00; HONORABLE CYNTHIA STEVENS KENT, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Following a plea of guilty, in October 2000, Appellant, Eric Ross, was convicted of
driving while intoxicated. Punishment was assessed at ten years confinement and a
$1,000 fine, suspended in favor of ten years community supervision. On July 26, 2006,
the State filed its Application to Revoke Community Supervision in which it alleged that
Appellant had violated the conditions of community supervision. At the hearing on the
State's motion, Appellant pleaded true to the identity paragraph and to the allegation that
he left his county of residence and the State of Arkansas without notifying his community
supervision officer and without obtaining permission from the trial court. The State then
offered testimony from a Louisiana police officer that supported allegations that Appellant
had consumed alcoholic beverages in violation of the conditions of community supervision. 
The trial court found that the State met its burden of proof, revoked Appellant's community
supervision, and assessed the original punishment of ten years confinement and a $1,000
fine. In presenting this appeal, counsel has filed an Anders (1) brief in support of a motion
to withdraw. We grant counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies she has diligently reviewed
the record and, in her opinion, the record reflects no reversible error upon which an appeal
can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that she forwarded
Appellant a copy of the brief and informed him that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that she notified Appellant of his right to
review the record and file a pro se response if he desired to do so. The Clerk of this Court
also advised Appellant by letter of his right to file a response to counsel's brief. Appellant
filed a response challenging the State's allegations. The State filed a letter acknowledging
the Anders brief.

 By the Anders brief counsel maintains there are no meritorious issues. Counsel
asserts that Appellant's plea of true to the allegation that he left his county of residence
and the State of Arkansas without notifying his community supervision officer and without
permission from the trial court is sufficient to support revocation. See Moses v. State, 590
S.W.2d 469, 470 (Tex.Crim.App. 1979). Additionally, the State proved by a preponderance
of the evidence that Appellant violated other conditions of community supervision by
consuming alcoholic beverages. See Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993). See also Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record,
counsel's brief, and Appellant's pro se response, we agree with counsel that the appeal
is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted (2) and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice


 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform the Appellant of this Court's decision and of his right to file a 
pro se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens,
206 S.W.3d 670 (Tex.Crim.App. 2006).



margin-bottom: 0.104167in; text-indent: -1in; margin-left: 1in; margin-right: 1in; margin-bottom: 0.104167in"> 
          (3)      If evidence was presented during the November 7, 2008
hearing, can that portion of the reporter’s record be replaced
by agreement of the parties?
 
          The trial court is further ordered to execute findings of fact, conclusions of law, and
any orders it may deem necessary regarding the aforementioned issues and cause its
findings, conclusions, and orders, if any, to be included in a supplemental clerk’s record. 
A supplemental reporter’s record of the hearing, if any, shall also be prepared. Finally, the
trial court shall cause the supplemental clerk’s record and supplemental reporter’s record,
if any, to be filed with the Clerk of this Court on or before December 4, 2009. 
          It is so ordered.
                                                                                      Per Curiam